JUSTICE ERDMANN
dissenting.
I respectfully dissent. The majority decision has effectively removed the discretionary authority granted to the Commissioner under § 2-4-315, MCA, and then determines that since no discretion is involved, mandamus is an appropriate remedy.
As correctly noted by the majority, resolution of this appeal involves the interpretation of §§ 5-7-111 and 2-4-315, MCA. Section *393 5-7-111, MCA, is the legislative grant of rulemaking authority to the Commissioner and provides:
(1) The commissioner shall promulgate and publish rules necessary to carry out the provisions of this chapter in conformance with the Montana Administrative Procedure Act and, in particular, shall provide rules necessary to allocate salary, expenses, and any other payments between lobbying activities and other activities not connected with lobbying for any person whose activities are not solely limited to lobbying.
(2) Such rules shall be designed to effect and promote the purposes of this chapter, express or implied. Such rules shall be as simple and easily complied with as possible.
This statute requires the Commissioner to promulgate rules “necessary’ to carry out the provisions of the Lobbying Act in conformance with the provisions of the Administrative Procedure Act (MAPA). This reference to MAPA leads us to § 2-4-315, MCA, which provides:
An interested person or, when the legislature is not in session, a member of the legislature on behalf of an interested person may petition an agency requesting the promulgation, amendment, or repeal of a rule. ... Within 60 days after submission of a petition, the agency either shall deny the petition in writing (stating its reasons for the denial) or shall initiate rulemaking proceedings in accordance with 2-4-302 through 2-4-305.
Common Cause recognized the interplay between these two statutes when it specifically referenced and filed its “Petition for Rule-making” under § 2-4-315, MCA. There can be no question that § 5-7-511, MCA, requires that the Commissioner follow the provisions of MAPA (§ 2-4-315, MCA) when considering and promulgating rules.
Although § 2-4-315, MCA, does not require an interested person to file a proposed rule, § 1.3.205(a)(iii), ARM, requires that a petition for rulemaking include “the rule the petitioner requests the agency to promulgate, amend or repeal.” While the majority recognizes that Common Cause submitted a proposed rule in their petition, it found that both the Commissioner and the District Court erred in assuming that the only matter presented by the petition was the proposed rule. The majority then goes on to interpret Common Cause’s petition to be a general request for rulemaking — to determine whether rules are necessary — and not simply a request that the Commissioner adopt the rule submitted by Common Cause. Having found that the petition was not a request for adoption of a particular rule the majority holds:
*394 We determine that, although § 2-4-315, MCA, does grant the Commissioner discretion to deny a petition in so far as it relates to a proposed rule, it does not grant the Commissioner that same discretion with regard to a broader request that the Commissioner engage in mandatory rulemaking to determine whether any rules, whether proposed by a petitioner or not, are necessary.
A review of Common Cause’s petition reveals that it was indeed a request for the adoption of a specific rule. The petition initially requested that the Commissioner adopt rules that define and specify “lobbying” activities under the Montana Lobbying Act. The petition goes on to state:
Montana Common Cause files this petition for rulemaking to address a void in the existing Lobbying Act rules: specifically, the failure of the rules to define actions that constitute “lobbying” or “lobbying activities.” ... Without rules that provide examples clarifying the definition of “lobbying” set forth in the Lobbying Act at § 5-7-102(6) MCA, it is certain that these disagreements will remain unresolved, and will continue to result in inconsistent and inaccurate reporting of lobbying expenditures. Promulgation of the rules requested below will help achieve the goal envisioned by 1-85 of full disclosure of lobbying expenditures.
....
First, Montana Common Cause requests the Commissioner to add a new § 101, and to renumber existing §§ 101 through 109 as new §§ 102 through 110.
Common Cause then included a three page, single-spaced proposed rule in their petition. The final sentence of the petition states: ‘WHEREFORE, Montana Common Cause requests the Commissioner of Political Practices to promulgate the rules defining lobbying set forth in section 3 of this Petition.” This rule proposal clearly comes under the provisions of § 2-4-315, MCA, and is not a broad request for the Commissioner to determine whether general, unspecified rules were necessary.
The Commissioner is not required to initiate the formal rule making process under § 2-4-315, MCA, in every instance. The statute grants the Commissioner the discretion to either initiate rulemaking proceedings or deny the petition. The effect of the majority’s opinion is to repeal the language in § 2-4-315, MCA, which grants the Commissioner the discretion to deny a petition.
*395 In this case the Commissioner exercised his discretion under § 2-4-315, MCA, by denying the petition and stating his reasons for the denial. While the substance of the Commissioner’s actions are not before us, there is no question that the Commissioner properly followed the procedural requirements of § 2-4-315, MCA.
The majority opinion also creates a new category of rulemaking request not envisioned nor authorized by the legislature. The majority holds that a request can be made to an agency authorized to promulgate rules to “engage in mandatory rulemaking to determine whether any rules ... are necessary.” As noted, the Commissioner’s rule making authority is derived from § 5-7-111, MCA, which requires the Commissioner to promulgate rules in “conformance with the Montana Administrative Procedure Act.” MAPA does not envision that a vague general request can be made to an agency to “determine whether rules are necessary,” which request would then mandate initiation of the formal rulemaking procedure. The majority fails to cite any authority in MAPA or in the Lobbying Act for this new procedure.
Finally, since I believe that this is a petition for rulemaking under § 2-4-315, MCA, and since even the majority concedes that the Commissioner has discretion under that statute, I would find that a writ of mandate is not a proper remedy. This Court has consistently held that mandamus is only available to compel performance of a clear legal duty not involving discretion. Jeppeson v. Dept. of State Lands (1983), 205 Mont. 282, 667 P.2d 428.
I would affirm the District Court.